UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH HORNBUCKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:14-cv-00089-RLY-WGH |
| | ) | |
| XEROX BUSINESS SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING ARBITRATION**

Defendant, Xerox Business Services, LLC, d/b/a ACS, a Xerox Company ("XBS"), moves to compel the Plaintiff, Deborah Hornbuckle, to submit her employment dispute to arbitration and to dismiss her Complaint or, in the alternative, to stay this proceeding pending arbitration. For the reasons set forth below, the motion to compel arbitration is **GRANTED** and Plaintiff's Complaint is dismissed.

**I.    Background**

On July 27, 2009, Plaintiff submitted an application of employment with XBS, and was hired soon thereafter. (Filing No.15-3, Employment Application and Dispute Resolution Plan, Ex. 1-C; Filing No. 15-4, Offer Letter, Ex. 1-D[1]). XBS employed Plaintiff until November 21, 2012, when it eliminated her position in a reduction-in-

---

[1] The Declaration of Shirley Pierce is found in Filing No. 14-1. Exhibits 1-A through 1-I are attached; however, they are located in Filing Nos. 15-19.

1

force. (Filing No. 14-1, Declaration of Shirley Pierce ("Pierce Dec.") ¶ 26). Plaintiff alleges that she reapplied for fifteen (15) open positions in December 2012, and was not hired for any one of them. (Filing No. 1, Compl. ¶ 15).

As a condition of Plaintiff's employment, XBS required Plaintiff to sign a document entitled "Dispute Resolution Plan and Rules." (Filing No. 15, Ex. 1-C, p. 7). The DRP Acknowledgement Form signed by Plaintiff specifically states that an offer of employment is contingent upon agreeing to the DRP and that Plaintiff is waiving the right to a jury trial:

> I understand and agree that the DRP will be the exclusive means for resolving any dispute or claim concerning . . . the terms and conditions of my employment . . . . I understand that [XBS's] consideration of my application for employment and any offer of employment that may be made to me are contingent on my acceptance of the DRP as the exclusive means for resolving all disputes covered under the DRP. . . . I understand that by signing this document, I am waiving any right I might otherwise have to have a jury or judge resolve any claim I might have against [XBS] . . .

(*Id.*). The DRP Acknowledgement Form also contained a hyperlink to the full, unabridged text of the DRP. The DRP contains the following language:

> Employment or continued employment after the Effective Date of this Plan constitutes consent by both the Employee and Company to be bound by this Plan, both during the employment and after termination of employment. Submission of an application, regardless of form, for employment constitutes consent by both the Applicant and the Company to be bound by this Plan.

(Filing No. 15-1, Dispute Resolution Plan and Rules, p. 7). Plaintiff's Employment Guidebook and Code of Business Conduct Training reinforced the DRP provisions noted above. (Filing No. 16, Signed Acknowledgement, Ex. 1-E at pp. 61-62; Filing No. 19, Learning Transcript, Ex. 1-G).

In September 2012, XBS modified the DRP and issued a revised Dispute Resolution Plan and Rules. (Filing No. 15, [Revised] Dispute and Resolution Plan and Rules, Ex. 1-B). XBS notified Plaintiff of the Revised DRP on September 14, 2012, via her company-issued e-mail address. (Filing No. 14-1, Pierce Dec. ¶ 29). The notification was entitled "Important Notice – Changes to Xerox Business Services Dispute Resolution Plan and Dispute Resolution Rules" and contained information regarding the changes to the DRP and a link to the Revised DRP Plan and Rules. (Filing No. 19, Important Notice Email, Ex. 1-H). The email stated in bold letters:

> You are strongly encouraged to review the following DRP carefully because the changes and updates impact your legal rights. These changes and updates will be effective thirty (30) days after you receive this Notice ("Effective Date"), without further notice and will automatically apply to you if you are still employed with [XBS] on the Effective Date.
>
> [V]irtually all legal Disputes (as defined in the DRP) concerning your employment . . . are subject to final and binding resolution exclusively by arbitration. In other words, both you and the Company waive any right to have a Dispute decided by a judge or jury . . . .
>
> As noted above, by continuing your employment with [XBS] after the Effective Date you are accepting and consenting to be bound by the revised DRP. If you do not wish to accept and be bound by the terms of the revised DRP, you must terminate your employment before the Effective Date.

XBS's business records establish that Plaintiff opened the email. (Filing No. 19, Intranet Print Out, Ex. 1-I).

The Revised DRP requires that "[a]ll Disputes not [informally] resolved by the Parties shall be finally and conclusively resolved through arbitration under this [revised] DRP, instead of through trial before a court (including a jury trial)." (Filing No. 15-2, [Revised] Dispute Resolution Plan and Rules, § 4.B, p. 4). The Revised DRP defines a

3

"Dispute" as "all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute, regulation, ordinance, or some other law. . . ." (*Id*., § 2.E, p. 2). Such disputes include "any challenge regarding the interpretation, applicability, or enforceability, of the DRP . . . including . . . any claim that all or part of the DRP . . . is void or voidable." (*Id.*, § 2.E.1, p. 2). Disputes also cover "[a]ny other matter related to or concerning the relationship between the Applicant and the Company and/or the Employee and the Company alleging violation of any federal, state or other governmental law, statute, regulation, or ordinance . . . including but not limited to . . . , Title VII of the Civil Rights Act of 1964. . . ." (*Id*., § 2.E.7, p. 2). Furthermore, disputes subject to arbitration include disputes arising out of "current, former, or potential employment relationships with [XBS]" and disputes relating to "[t]he employment or potential reemployment of an Employee," "[a]n Applicant's application for employment and the Company's actions, inactions, and/or decisions regarding such application," and "[a]ny other matter . . . alleging violation of any federal . . . law . . . including . . . allegations of: unlawful retaliation . . . ." (*Id*., § 1, p. 1; § 2(E)(2), (4), and (7), p. 2).

Finally, the Revised DRP provides that the "Arbitrator, and not any federal, state, or local court or agency shall have the exclusive authority to resolve any Dispute relating to the interpretation, applicability, enforceability or formation of this [revised] DRP . . . ." (*Id*., § 15, p. 8).

Notwithstanding the terms of the Revised DRP, Plaintiff filed the present Complaint on June 23, 2014.

4

**III.     Discussion**

Plaintiff does not dispute the terms of the DRP/Revised DRP that was applicable during her term of employment with XBS. Instead, she argues that: (1) the agreement to arbitrate is unenforceable; (2) the Revised DRP does not encompass Plaintiff's claims; and (3) submitting her claims to arbitration would be a financial hardship.

**A.     Enforceable Contract**

On the day Plaintiff was laid off, Plaintiff signed a separation agreement in order to receive severance pay. Plaintiff argues she signed this document under duress, and did not know, nor was she informed, that the agreement contained a provision to arbitrate "workplace disputes." (Filing No. 25-1, Affidavit of Deborah Hornbuckle, p. 2) (testifying she "did not know[,] nor was [she] told that the separation agreement applied to anything other than any issues that led up to [her] lay off from [XBS].")). The separation agreement is not in evidence and, in any event, has no applicability to the present motion. The parties' agreement to arbitrate is found in the DRP and, more recently, in the Revised DRP, not the separation agreement.

Next, Plaintiff argues the "essential terms of the Arbitration" were not part of the information provided to her. Plaintiff's argument is not supported by the record. XBS submitted sworn testimony and authenticated business records establishing that Plaintiff accepted the DRP in July 2009, as part of her initial application for employment, and again in September 2012, when her continued employment was expressly conditioned upon acceptance of the Revised DRP. Moreover, the evidence establishes that the text of the DRP was provided to Plaintiff via hyperlink on her signed agreement in 2009 and the

5

2012 notice, that she was trained on and acknowledged these policies at various points in her employment, and that she had access to the complete DRP throughout her employment on XBS's intranet site. Plaintiff does not address these facts nor does she offer evidence to dispute them. Consequently, Plaintiff's attempt to challenge the validity of her agreement to the DRP and Revised DRP are unfounded.

### B. Plaintiff's Claims

Plaintiff asserts the court should not compel arbitration because the DRP at issue applies only to "workplace disputes" involving current employees. According to Plaintiff, at the time she filed her Complaint, she was not an employee of XBS and, therefore, the DRP is inapplicable. At the outset, it should be noted that the parties agreed to delegate any questions concerning the scope, validity, or enforceability of the DRP to an arbitrator.

The plain language of the DRP belies her argument. Plaintiff alleges that she suffered race discrimination and harassment during her employment with XBS, and was then retaliated against when XBS failed to hire her. By its express terms, the Revised DRP applies to all of these claims. (*See* Filing No. 15-2, § 2.E (2), (4), (7), p. 2) (defining "disputes" as including "matters" alleging unlawful discrimination, harassment, and retaliation in violation of, for example, Title VII).

### C. Financial Burden

Plaintiff's final contention is that she cannot afford the costs associated with arbitration, including the costs of attending and participating in arbitration proceedings

6

outside the jurisdiction of this court. Thus, an order compelling arbitration would effectively deny her from pursuing her claims.

With regard to the financial expense of arbitration, the Revised DRP reflects that Plaintiff, as the initiating party, would be expected to pay a fifty dollar ($50) initiation fee, which is significantly less than the costs of filing a claim in this court. (Filing No. 15-2, § 31(E)). Alternatively, the arbitrator may waive the initiation fee due to financial hardship. (*Id*.). More importantly, the fees and expenses of the arbitration process are largely born by XBS. (*Id*.) (stating that the employee "shall not be responsible for payment of fees and expenses of arbitration . . . , including required travel by arbitrator . . . , and the cost of any proof produced at the discretion of an arbitrator").

With regard to Plaintiff's travel concerns, the Revised DRP specifically guarantees that "AAA or JAMS shall also ensure that the arbitrators reside in the geographic region of the United States bearing the most significant relationship to the Parties' Dispute." (Filing No. 15-2, DRP Rules § 4). The arbitrator will then set a date, time, and place for any arbitration hearing. (*Id*. § 7). Thus, the Revised DRP does not require Plaintiff to travel any unreasonable distance to arbitrate her employment dispute. Moreover, XBS is willing to stipulate to holding the arbitration in Evansville. In light of the foregoing, Plaintiff's contention that arbitration will effectively deny her the opportunity to pursue her claims is without merit.

The court, therefore, finds that it must compel arbitration of the parties' disputes because the issues at hand are subject to a valid, clear, and unambiguous agreement to arbitrate.

### D. Dismiss or Stay Action

The Revised DRP expressly states that its terms are governed by the Federal Arbitration Act ("FAA"). (*Id.* § 3(F), § 2(B), pp. 1, 4; *see also* Filing No. 15-1, § 3(G), § 2(B), pp. 2, 4). The FAA provides that once the court finds that arbitration should be compelled, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the application for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. XBS asserts that, notwithstanding the language of § 3, the court should dismiss Plaintiff's Complaint rather than stay it.

Even though the Seventh Circuit has not directly addressed this issue, it has affirmed district courts' dismissals of suits when a court finds that all of the claims are arbitrable. *See, e.g., Baumann v. Finish Line, Inc.,* 421 Fed.Appx. 632, 636 (7th Cir. 2011); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.,* 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.,* 298 F.3d 677, 679 (7th Cir. 2002). Moreover, the weight of authority from other jurisdictions supports the proposition that a court should dismiss a case when all of the claims are arbitrable. *Escobar-Noble v. Luxury Hotels Int'l of Puerto Rico, Inc.* 680 F.3d 118, 126 (1st Cir. 2012) ("The essence of the district court's ruling was to grant the [defendant] the bargained-for protection provided by the arbitration clause. The court should, therefore, have entered an order compelling arbitration and either staying or dismissing the action."); *Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino,* 640 F.3d 471, 473 (1st Cir. 2011) (affirming the district court's granting of a motion to compel arbitration and to dismiss "on the grounds that the

dispute was covered by an arbitration agreement"); *Ozormoor v. T-Mobile USA, Inc.,* 354 Fed. Appx. 972, 975 (6th Cir. 2009) ("[The plaintiff] challenges the dismissal of his suit, asserting that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them. We have already rejected that argument."); *Poteat v. Rich Prods. Corp.,* 91 Fed. Appx. 832, 835 (4th Cir. 2004) ("Accordingly, we vacate the court's order denying [the defendant's] motion to compel and remand with instructions to grant the motion to compel arbitration and dismiss the action."); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) ("If all of the issues raised before the district court are arbitrable, dismissal of the case is not inappropriate."). Accordingly, because all of Plaintiff's claims are covered by the Revised DRP, the court concludes that dismissal is the appropriate remedy.

E.  **Sanctions**

XBS moves for sanctions pursuant to Federal Rule of Civil Procedure 11(b). Pursuant to that Rule, the court may award reasonable attorneys' fees in a civil action if, after notice and a reasonable opportunity to respond, the court determines the Complaint is frivolous. XBS also moves for sanctions pursuant to Indiana Code § 34-52-1-1. That statute authorizes the recovery of attorneys' fees and costs if a court determines the unsuccessful party either brought the action on a claim that is frivolous, unreasonable or groundless, or continued to litigate the action after the party's claim clearly became frivolous, unreasonable, or groundless. Ind. Code § 34-52-1-1(a)-(b).

Here, XBS sent an email on July 10, 2014, and another email on July 29, 2014, informing counsel for Plaintiff that Plaintiff was obligated to arbitrate her claims. (Filing No. 15, Declaration of F. Daniel Wood, ¶ 3 a-d). XBS provided Plaintiff's counsel with the pertinent sections of the DRP and proof that the Plaintiff agreed to be bound by the DRP. XBS also provided legal authority supporting the enforcement of the DRP/Revised DRP and informed Plaintiff's counsel of the provisions of the DRP that mandated that Plaintiff arbitrate each of her disputes. Nevertheless, Plaintiff continued to litigate her claims. The court therefore finds that sanctions are appropriate. XBS shall submit evidence regarding its actual fees and costs in compelling arbitration within fourteen (14) days of the date of this Entry.

**IV. Conclusion**

Plaintiff's employment discrimination claims are subject to arbitration pursuant to the Revised DRP. Accordingly, the court **GRANTS** XBS' Motion to Compel Arbitration and to Dismiss (Filing No. 13) Plaintiff's case.

**SO ORDERED** this 13th day of February 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.